Parole — Consideration — Time 1. The Pardon and Parole Board must consider every prisoner for parole at such time as they have served one-third of their sentence, regardless of the length of the sentence, and the Board may also consider a prisoner for parole prior to the service of one-third of a sentence; further, the State Board of Corrections should establish a policy or rule providing what one-third (1/3) of a life sentence shall constitute for purposes of mandatory parole consideration. 2. A prisoner is not entitled, as a matter of right, to a physical appearance before the Pardon and Parole Board when being considered for parole, whether mandatory or otherwise; and the Pardon and Parole Board shall determine, by its rules and policies, the procedure it shall use in hearing and considering parole applications. The Attorney General has had under consideration your request for an opinion, wherein you refer to 57 O.S. 332.7 [57-332.7] (1961) and 57 O.S. 354 [57-354] (1968). You then ask, in effect, the following questions: 1. Is the current practice of considering fifteen (15) calendar years to constitute one-third of the sentences of forty-five (45) years and up, including life, legitimate with respect to the statute? 2. Should not each prisoner make an actual appearance before the Pardon and Parole Board upon mandatory parole consideration? Title 57 O.S. 332.7 [57-332.7] (1961), provides "Upon completion of one-third (1/3) of the sentence of any person confined in a penal institution in the State of Oklahoma such person shall be eligible for consideration for a parole, and it shall be the duty of the Pardon and Parole Officer, with or without application being made, to cause an examination to be made at the penal institution where the person is confined, and to make inquiry into the conduct and the record of the said person during his confinement in said penal institution, and thereafter said Pardon and Parole Officer shall report to the Pardon and Parole Board his findings, which shall be considered as a basis for consideration of said person for recommendation to the Governor for parole." In the fourth paragraph of the syllabus of Petition of Leaser, 89 Okl . Cr. 351, 207 P.2d 365
(1949), the Court held: "Under Tit. 57 O.S. 332.7 [57-332.7] (1961) the Pardon and Parole Officer has the right to make investigations and make reports to the Board, and the Board has the right to hear applications for pardon or parole prior to the serving of one-third of the prison term." Thus, each prisoner must be considered for parole at such time as he or she has served one-third of their sentence, regardless of the length of the sentence. However, the Pardon and Parole Board may also consider a prisoner for parole prior to the serving of one-third of his or her sentence. This is in conformity with prior Attorney General Opinion Nos. 63-446 and 63-484, and they are enclosed for your consideration. A somewhat different situation arises in regard to a life sentence. This writer can find neither statutory nor case authority equating a life sentence with a term of years. In fact, courts in this and other jurisdictions have declined to set a specified number of years as being equal to a life sentence. However, such determination must be made to effectuate Section 57 O.S. 332.7 [57-332.7] where a prisoner is serving a straight life sentence. In stating the duties of the Division of Probation and Parole of the Department of Corrections, O.S.L. 1967, ch. 261, Section 14(b) 57 O.S. 514 [57-514](b) (1968) states: "The Division of Probation and Parole shall: ". . . .; "(b) Make investigations and inquiries as to prisoners at the institutions who are to be, or who might be, considered for parole or other clemency; In stating the powers and duties of the State Board of Corrections O.S.L. 1967, ch. 261, Section 4(b) (1) 57 O.S.Supp. 1368, Section 504 [57-504](b) (1) states: "(b) The Board shall have the following powers and duties: "(1) To establish policies for the operation of the Department; . . . ." Thus, it is for the State Board of Corrections to establish a policy or rule providing what one-third (1/3) of a life sentence shall constitute for mandatory parole consideration purposes. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: The Pardon and Parole Board must consider every prisoner for parole at such time as they have served one-third of their sentence, regardless of the length of the sentence, and the Board may also consider a prisoner for parole prior to the serving of one-third of a sentence; further, the State Board of Corrections should establish a policy or rule providing what one-third (1/3) of a life sentence shall constitute for purposes of mandatory parole consideration. O.S.L. 1963, ch. 78, Section 2 (57 O.S.Supp. 1968 Section 354[57-354] [57-354]) provides: "Upon the commitment to imprisonment of any prisoner under the provisions of O.S.L. 1963, ch. 78, Section 1 (57 O.S. 353 [57-353]) (1968), the Pardon and Parole Board shall cause a continuing study to be made of the prisoner. When the prisoner has served the minimum sentence imposed, or as soon thereafter as he or she can be heard, the Pardon and Parole Board shall hear the prisoner's application for parole, . . . ." In examining 57 O.S. 332.7 [57-332.7] (1961), supra, and 57 O.S. 354 [57-354] (1968), supra, it is noted that Section 332.7 requires that the pardon and parole officer only examine and inquire into the conduct and record of a prisoner, whereas Section 354 states that the Pardon and Parole Board shall hear the prisoner's application. Neither statute grants a prisoner a physical appearance before the Parole Board. Again, the overall purpose of both sections is to provide a mandatory parole consideration for a prisoner after incarceration for a specified period of time. Thus, the statutes only require the Pardon and Parole Board to hear a prisoner's application and to consider it; and the procedure for doing so would be a question of administrative procedure of the Board. It is, therefore, the opinion of the Attorney General that your second question be answered in the negative, in that a prisoner is not entitled, as a matter of right, to a physical appearance before the Pardon and Parole Board when being considered for parole, whether mandatory or otherwise; and the Pardon and Parole Board shall determine, by its rules and policies, the procedure it shall use in hearing and considering parole applications. (Robert D. McDonald)